COMMONWEALTH OF KENTUCKY
TRIMBLE COUNTY CIRCUIT COURT
CIVIL BRANCH
CIVIL ACTION NO. 10-CI-00149

MATHIAS METAL SYSTEMS, LLC,     )
a Tennessee limited liability company  )
                                )
          PLAINTIFF             )
                                )
V.                              )
                                )
SIEMENS ENERGY, INC.            )
(FORMERLY WHEELABRATOR AIR      )
POLLUTION CONTROL, INC.)        )
Serve: CT Corporation System    )
501 Grant Street 4th floor      )
Pittsburgh, PA 15219            )
                                )
BECHTEL POWER CORPORATION       )
Serve: CT Corporation System    )
306 West Main Street, Suite 512 )
Frankfort, KY 40601             )
                                )
LOUISVILLE GAS AND ELECTRIC COMPANY )
Serve: CT Corporation System    )
306 West Main Street, Suite 512 )
Frankfort, KY 40601             )
                                )
ILLINOIS MUNICIPAL ELECTRIC AGENCY )
Serve: 3400 Conifer Drive       )
Springfield, IL 62711           )
                                )
KENTUCKY UTILITIES COMPANY      )
Serve: CT Corporation System    )
306 West Main Street, Suite 512 )
Frankfort, KY 40601             )
                                )
INDIANA MUNICIPAL POWER AGENCY  )
Serve: Corporate Headquarters   )
11610 North College Avenue      )
Carmel, IN 46032                )
                                )
LG&E CAPITAL TRIMBLE COUNTY LLC )
Serve: Kentucky Secretary of State )
220 West Main Street            )
Louisville, KY 40202            )
                                )

1

| | |
|---|---|
| COMMONWEALTH OF KENTUCKY, <br> COUNTY OF TRIMBLE <br> Serve: Perry Arnold, County Attorney <br>       543 West Street <br>       Bedford, KY 40006 <br> <br> CITY OF BEDFORD, KENTUCKY <br> Serve: Russell Clifton, Mayor <br>       City Hall <br>       147 Victory Ave. <br>       Bedford, KY 40006 <br> <br> DEFENDANTS | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## NOTICE OF VOLUNTARY DISMISSAL

Plaintiff, Mathias Metal Systems, LLC ("Plaintiff"), by counsel, tenders this Notice of Voluntary Dismissal pursuant to CR 41.01, stating as follows:

1. Civil Rule of Procedure 41.01(1) provides that "an action, or any claim therein, may be dismissed by the plaintiff without order of court, by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment."

2. As of the date of this Notice, none of the Defendants named in this action have filed an answer or other responsive pleading or served a motion for summary judgment.

3. Based on the above, Plaintiff hereby gives notice of the dismissal of this action without prejudice with specific regard to the following parties: Louisville Gas and Electric Co., Illinois Municipal Electric Agency, Kentucky Utilities Co., Indiana Municipal Power Agency, LG&E Capital Trimble County LLC, the County of Trimble and the City of Bedford, Kentucky. Plaintiff respectfully requests that this action remain on the Court's active docket so that the remaining parties may continue the litigation of this case.

Respectfully Submitted:

WALTHER, ROARK & GAY, PLC

*Erica K. Mack*

Jonathan L. Gay
Erica K. Mack
Walther, Roark & Gay, PLC
163 East Main Street, Suite 200
Lexington, Kentucky 40507
COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Notice of Dismissal was served on the following on this the 25 day of August, 2010, via U.S. Mail, First-Class postage prepaid:

Siemens Energy, Inc.
   (formerly Wheelabrator Air Polution
   Control, Inc.)
CT Corporation System
501 Grant Street 4th floor
Pittsburgh, PA 15219

Louisville Gas and Electric Company
CT Corporation System
306 West Main Street, Suite 512
Frankfort, KY 40601

Kentucky Utilities Company
CT Corporation System
306 West Main Street, Suite 512
Frankfort, KY 40601

LG&E Capital Trimble County LLC
Via Kentucky Secretary of State
220 West Main Street
Louisville, KY 40202

City of Bedford, Kentucky
Russell Clifton, Mayor
City Hall
147 Victory Ave.
Bedford, KY 40006

Bechtel Power Corporation
CT Corporation System
306 West Main Street, Suite 512
Frankfort, KY 40601

Illinois Municipal Electric Agency
3400 Conifer Drive
Springfield, IL 62711

Indiana Municipal Power Agency
Corporate Headquarters
11610 North College Avenue
Carmel, IN 46032

Commonwealth of Kentucky,
   County of Trimble
Perry Arnold, County Attorney
543 West Street
Bedford, KY 40006

*Erica K. Mack*
COUNSEL FOR PLAINTIFF

COMMONWEALTH OF KENTUCKY
TRIMBLE COUNTY CIRCUIT COURT
CIVIL BRANCH
CIVIL ACTION NO. 10-CI-00149

MATHIAS METAL SYSTEMS, LLC, )
a Tennessee limited liability company )
)
)
PLAINTIFF )
)
V. )
)
)
SIEMENS ENERGY, INC. )
(FORMERLY WHEELABRATOR AIR )
POLLUTION CONTROL, INC.) )
   Serve: CT Corporation System )
         501 Grant Street 4th floor )
         Pittsburgh, PA 15219 )
)
BECHTEL POWER CORPORATION )
   Serve: CT Corporation System )
         306 West Main Street, Suite 512 )
         Frankfort, KY 40601 )
)
FEDERAL INSURANCE COMPANY )
   Serve: CT Corporation System )
         251 E. Ohio Street Suite 1100 )
         Indianapolis, IN 46204 )
)
)
DEFENDANTS )

## AMENDED COMPLAINT

Comes the Plaintiff, Mathias Metal Systems, LLC, a Tennessee limited liability company ("Mathias" or "Plaintiff"), by counsel, for its Amended Complaint,[1] pursuant to CR 15.01 against the Defendants herein, states as follows:

1.    The Plaintiff is a Tennessee limited liability company in good standing, having its principal place of business at 6532 Waconda Point Drive, Harrison, Tennessee 37341.

---

[1] This Amended Complaint reflects the addition of defendant Federal Insurance Company and the voluntary dismissal of defendants Louisville Gas and Electric Co., Illinois Municipal Electric Agency, Kentucky Utilities Co., Indiana Municipal Power Agency, LG&E Capital Trimble County LLC, the County of Trimble and the City of Bedford, Kentucky.

1

2. The Defendant, Siemens Energy, Inc., f/k/a Wheelabrator Air Pollution Control, Inc., ("Siemens") is a Delaware corporation with its principal office located at 501 Grant Street, 4th Floor, Pittsburgh, PA 15219 and whose agent for service of process is CT Corporation System, 1209 North Orange Street, Wilmington, DE 19801.

3. The Defendant, Bechtel Power Corporation, ("Bechtel") is a California corporation with its principal office located at 50 Beale Street, San Francisco, California 94105 and whose agent for service of process is CT Corporation System, 818 West Seventh Street, Los Angeles, California 90017.

4. The Defendant, Federal Insurance Company, ("Federal Insurance") is an Indiana corporation with its principal office located at 15 Mountain View Road, Warren, New Jersey 07061 and whose agent for service of process is CT Corporation System, 251 E. Ohio Street Suite 1100, Indianapolis, Indiana.

5. This court has jurisdiction over the parties and venue is proper in Trimble County, Kentucky.

## COUNT I

6. From December 17, 2007 through and including May 11, 2010, the Plaintiff furnished labor and materials for the improvements of certain real property located at Corn Creek Road in or near Bedford, Trimble County, Kentucky (the "Real Property"), and more particularly described in **Exhibit A** attached hereto and incorporated herein and as described in the Mechanic's Liens attached hereto and incorporated herein as **Exhibits B, C and D**.

7. Based upon information and belief, the Plaintiff asserts that the actual improvements relate to the real property described in **Exhibit D** (the "Subject Real Property").

2

8. Defendant Bechtel is the general contractor employed to construct certain improvements on the Subject Real Property. Defendant Siemens is a subcontractor of Bechtel who contracted to provide certain labor and materials for the construction of the improvements on the Subject Real Property or Real Property.

9. The labor and materials furnished by Mathias were delivered to the Subject Real Property or Real Property at the request of Defendant, Siemens, by and through its principals. The labor and materials were incorporated into the improvements on the Subject Real Property or Real Property by Bechtel and/or its agents.

10. Mathias has not received payment in full for the labor and materials furnished to the Subject Real Property or Real Property.

11. Subsequent to the delivery of the labor and materials in question, Mathias notified Defendant Siemens and Defendant Bechtel via Certified Mail, Return Receipt Requested, of its intent to file a lien against the Subject Real Property and Real Property due to the fact that it has not been paid for the labor and materials furnished to the Subject Real Property or Real Property.

12. On or about June 25, 2010, Mathias caused to be filed three (3) Mechanics' and Materialmen's Liens against the Subject Real Property and Real Property in accordance with K.R.S. 376.010 et. seq.

13. The first mechanic's lien is filed of record in Encumbrance Book 12, Page 468, in the Trimble County Court Clerk's Office ("Tract One"). A copy of this mechanic's and materialman's lien filed against Tract One is attached hereto as **Exhibit B.**

14. The second mechanic's and materialman's lien is filed of record in Encumbrance Book 12, Page 474, in the Trimble County Court Clerk's Office ("Tract Two"). A copy of this mechanic's and materialmen's lien filed against Tract Two is attached hereto as **Exhibit C.**

15. The third mechanic's and materialman's lien is filed of record in Encumbrance Book 12, Page 487, in the Trimble County Court Clerk's Office ("Tract Three"). A copy of the mechanic's

and materialmen's lien filed against Tract Three is attached hereto as **Exhibit D**. (The mechanic's and materialmen's liens referred to in Paragraphs 13, 14 and 15 of this Complaint are collectively referred herein as the "Liens" and the property encumbered thereby is collectively referred to herein as the "Real Property".)

16. On or about July 16, 2010, Defendant Siemens caused to be filed a bond, Bond No. 82201652 (the "Bond"), in the amount of $1,264,050.04, recorded in Miscellaneous Book 5, Page 655, in the Trimble County Court Clerk's Office, a copy of said Bond being attached hereto and incorporated herein as **Exhibit E**.

17. According to its terms, the Bond was made pursuant to KRS 376.100 to discharge the three (3) Mechanics' and Materialmen's Liens against the Subject Real Property and Real Property, such liens having been previously recorded by Plaintiff. Defendant Siemens is the principal on the Bond, with Defendant Federal Insurance serving as surety.

18. The Plaintiff was not notified of the Bond or the release of its Liens. Consequently, the Plaintiff named the owners of the real property as defendants and filed lis pendens against the Real Property.

19. The Plaintiff has dismissed all property owners and amends its Complaint by this Amended Complaint to include the surety and to dismiss the owners.

20. As of June 24, 2010, there remained due and owing the Plaintiff, the sum of $632,025.02, plus finance charges, attorney's fees, and interest. Said sums are just, due and owing and there are no setoffs, counterclaims or recoupments against such sum. The Plaintiff has made demand for payment but the Defendants have failed and refused to pay same.

## COUNT II

The Plaintiff incorporates herein by reference the allegations contained in Paragraphs 1 through 20 of the Complaint.

21. The Plaintiff and the Defendant, Siemens, entered into a contractual relationship on or about November 27, 2007 whereby Defendant Siemens agreed to purchase certain insulation and lagging materials, supplies and labor from the Plaintiff, and the Plaintiff agreed to sell these materials, supplies and labor to Defendant Siemens. Plaintiff and Siemens modified the contract by change orders. (The contract and change orders are collectively referred to herein as the "Contract".) A copy of the Contract is attached hereto as **Exhibit F**.

22. Plaintiff provided the materials, supplies and labor to the Real Property and provided Defendant Siemens with electronic invoices pursuant to the Contract ("Invoices"). A copy of the Invoices are attached hereto as **Exhibit G**.

23. The materials and supplies were provided by Plaintiff in a timely fashion and were in good condition.

24. Despite Plaintiff shipping the materials and supplies and sending Invoices to Defendant Siemens, Defendant Siemens has failed to pay the amounts due in full pursuant to the Contract.

25. Defendant Siemens has breached the Contract by failing to pay Plaintiff the amount due under their contract.

26. As a result of the breach of contract, Mathias has been damaged in an amount to be proved at trial and not less than Six Hundred Thirty Two Thousand Two Hundred Twenty-Five and 02/100 Dollars ($632,225.02).

## COUNT III

The Plaintiff incorporates herein by reference the allegations contained in Paragraphs 1 through 26 by reference.

27. Defendant Siemens, as a subcontractor, entered into a contract with the general contractor, Bechtel, whereby Siemens contracted to provide certain labor and materials to the

Real Property at the request of Bechtel and Bechtel agreed to pay Siemens for said labor and materials.

28. Defendant Siemens incorporated into its contract with Defendant Bechtel, the labor and materials to be supplied by Mathias and the cost of said labor and materials to be paid to Mathias by Siemens.

29. Defendant Bechtel has not made payment to Defendant Siemens for the labor and materials provided by Mathias pursuant to its contract with Siemens.

30. Mathias is an intended third party beneficiary of the contract between Siemens and Bechtel.

31. Bechtel is in breach of its contract with Siemens by failing to pay Siemens for the materials and supplies provided by Mathias to the Real Property.

32. As a result of the breach of contract by Defendant Bechtel, Mathias has been damaged in an amount to be proven at trial and not less than Six Hundred Thirty Two Thousand Two Hundred Twenty-Five and 02/100 Dollars ($632,225.02).

## COUNT IV

The Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 32 of the Complaint.

33. The Plaintiff, Mathias, provided materials and supplies which were incorporated into the Real Property.

34. The Plaintiff, Mathias, was not compensated for these materials and supplies.

35. Defendant Bechtel and Defendant Siemens have been unjustly enriched by the labor performed and the materials and supplies delivered and incorporated into the improvements.

36. Mathias is entitled to recover an amount to be proven at trial for damages for certain work and benefits provided for which Mathias has not been paid based on the theories of quantum meruit, unjust enrichment, equitable estoppel, and implied contract.

**WHEREFORE, the Plaintiff demands judgment as follows:**

1. That proper process issue and be served on the Defendants requiring the Defendants to answer this Amended Complaint within the time required by law.

2. That Plaintiff has a judgment against the Defendants for the sum of Six Hundred Thirty Two Thousand Two Hundred Twenty-Five and 02/100 Dollars ($632,225.02) plus service charges, attorneys' fees, and interest at the highest lawful rate per annum and for all costs of this cause.

3. That the Plaintiff be adjudged to have full authority to foreclose on the Bond in lieu of its Liens, securing the amount due to the Plaintiff.

4. That Plaintiff be awarded judgment against Defendant Siemens and Defendant Federal Insurance, jointly and severally, in satisfaction of the Bond in the sum of Six Hundred Thirty Two Thousand Two Hundred Twenty-Five and 02/100 Dollars ($632,225.02) plus service charges, attorneys' fees, and interest at the highest lawful rate per annum and for all costs of this cause.

5. That Plaintiff be awarded judgment against Defendant Siemens and Defendant Bechtel, jointly and severally, for breach of contract in the sum of Six Hundred Thirty Two Thousand Two Hundred Twenty-Five and 02/100 Dollars ($632,225.02) plus service charges, attorneys' fees, and interest at the highest lawful rate per annum and for all costs of this cause.

6. In the alternative, that Plaintiff be awarded judgment against Defendant Siemens and Defendant Bechtel for unjust enrichment, quantum meruit, equitable estoppel, and implied contract, in the sum of Six Hundred Thirty Two Thousand Two Hundred Twenty-Five and 02/100 Dollars

($632,225.02) plus service charges, attorneys' fees, and interest at the highest lawful rate per annum and for all costs of this cause.

6. That Plaintiff be awarded all other relief to which it may appear entitled.

Respectfully Submitted:

WALTHER, ROARK & GAY, PLC

_____
Jonathan L. Gay
Erica K. Mack
Walther, Roark & Gay, PLC
163 East Main Street, Suite 200
Lexington, Kentucky 40507
**COUNSEL FOR PLAINTIFF**